**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George JONES, Defendant–Appellant.**

No. 02–5822.

United States Court of Appeals,
Sixth Circuit.

Sept. 9, 2003.

Perry H. Piper, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Arvin H. Reingold, Chattanooga, TN, for Defendant–Appellant.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

### ORDER

George Jones, a federal prisoner, appeals the order denying his motion to suppress evidence and his judgment of conviction for possessing with intent to distribute in excess of 50 grams of a substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Jones was indicted on the single count described above following his arrest on November 5, 2000. On that date, a routine traffic stop for failure to yield led a Chattanooga police officer (Wolff) to discover three "cookies" of crack cocaine in the console of a rental car driven by Jones. Jones was not an authorized driver of the vehicle and the rental company instructed Officer Wolff to have the car towed. Jones declined to remove his personal belongings from the vehicle and the crack was discovered during an inventory search prior to towing. Jones moved to suppress the evidence found in the rental car and a hearing was conducted by a magistrate judge on July 3, 2001. In a report filed on July 16, 2001, the magistrate judge recommended that Jones's motion to suppress be denied. The district court overruled Jones's objections, adopted the magistrate judge's report and recommendation, and denied the motion to suppress in an order filed on August 8, 2001.

Jones pleaded guilty on September 7, 2001, pursuant to a written plea agreement that reserved his right to appeal the denial of his motion to suppress. The district court sentenced him on May 24, 2002, to 100 months in prison followed by four years of supervised release. This sentence represented a downward departure from the applicable guidelines range of 121–151 months, pursuant to a government motion under USSG § 5K1.1 based upon Jones's substantial assistance. The judgment was entered on June 5, 2002.

On appeal, Jones argues that the warrantless search of the rental car following a traffic citation was a violation of the Fourth Amendment where the defendant was detained beyond the scope of the original traffic stop.

Upon review, we affirm the district court's order and judgment. This court reviews the district court's factual findings in its denial of a motion to suppress evidence for clear error and reviews its legal conclusions *de novo*. *United States v. Heath*, 259 F.3d 522, 527 (6th Cir.2001). The evidence is reviewed in the light most

likely to support the district court's decision. *Id.*

Jones does not challenge the initial traffic stop for failing to yield the right of way. Instead, he argues that, once the warning citation was given, the reason for his detention expired and the police officer had no reasonable suspicion to justify any further action. "In analyzing the reasonableness of any subsequent detention, a court must consider 'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" *United States v. Orsolini,* 300 F.3d 724, 728 (6th Cir.2002) (quoting *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); *see also United States v. Townsend,* 305 F.3d 537, 541 (6th Cir.2002). The district court did not err in finding that the officer's actions were justified in this case.

Alternatively, the government asserts that Jones lacked a reasonable expectation of privacy in the rental car of which he was an unauthorized driver and from which he declined to remove his personal belongings before the inventory search. The district court found it unnecessary to reach this issue. The finding of a reasonable expectation of privacy is a prerequisite to challenging an unlawful search under the Fourth Amendment. *Rakas v. Illinois,* 439 U.S. 128, 139–40, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *United States v. Smith,* 263 F.3d 571, 581–82 (6th Cir.2001). The defendant has the burden of establishing his reasonable expectation of privacy, tantamount to "standing" in other contexts, and a district court's legal determination of this question is reviewed *de novo. Id.* at 582.

The Sixth Circuit has held:

We acknowledge that as a general rule, an unauthorized driver of a rental vehicle does not have a legitimate expecta-

tion of privacy in the vehicle, and therefore does not have standing to contest the legality of a search of the vehicle. However, we refuse to adopt a bright line test, as the government seems to advocate, based solely on whether the driver of a rental vehicle is listed on the rental agreement as an authorized driver. Such a rigid test is inappropriate, given that we must determine whether Smith had a legitimate expectation of privacy which was reasonable in light of all the surrounding circumstances.

*Smith,* 263 F.3d at 586. In considering whether an expectation of privacy is reasonable, no single factor is invariably determinative. *Id.* (citing *Rakas,* 439 U.S. at 152, 99 S.Ct. 421 (Powell, J., concurring)).

In this case, regardless of whether Jones initially had a reasonable expectation of privacy in the rental car, the fact that Jones declined to remove his personal property before the lawful inventory search was conducted constitutes an effective abandonment of that property and supports the denial of his motion to suppress evidence. *See United States v. Peters,* 194 F.3d 692, 695–96 (6th Cir.1999).

Accordingly, the district court's order denying the motion to suppress and its judgment of conviction and sentence are affirmed.